```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  KIRK E. SHERRIFF
    HENRY Z. CARBAJAL III
 3  CHRISTOPHER D. BAKER
    Assistant U.S. Attorneys
 4  2500 Tulare Street, Suite 4401
    Fresno, CA 93721
 5  Telephone:  (559) 497-4000
    Facsimile:   (559) 497-4099
 6
    Attorneys for the
 7  United States of America
```

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 1:11-cr-00026 LJO |
| | ) |
| Plaintiff, | ) **GOVERNMENT'S MOTION FOR AN** |
| | ) **ORDER FINDING A PARTIAL WAIVER** |
| v. | ) **OF THE ATTORNEY-CLIENT AND** |
| | ) **WORK PRODUCT PRIVILEGES, AND** |
| | ) **FOR AN EXTENSION OF TIME;** |
| CARLYLE LEE COLE, | ) **ALTERNATIVE ORDERS** |
| | ) |
| Defendant. | ) |
| | ) |

The United States of America, by and through its attorneys, Assistant United States Attorneys Kirk E. Sherriff, Henry Z. Carbajal III and Christopher D. Baker, hereby provides notice of and

Motion re Privilege Waiver; Order         1

moves for an Order finding a partial waiver of the attorney-client and work product privileges, and permitting discovery as to defendant Carlyle Lee Cole's communications with his prior counsel, Katherine Hart, and as to Ms. Hart's work product in her representation of Mr. Cole in this case. Defendant Cole has waived such privileges based on his petition filed February 23, 2015 pursuant to 28 U.S.C. § 2255, consisting of 157 pages including attachments and based largely on claims of allegedly ineffective assistance by his prior counsel. Doc. 574. "It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc). The *Bittaker* court confirmed that its decision applies equally to the work product privilege. *Id.* at 722 n.6.

There is good cause for such discovery to enable the government to respond fully to this Court's March 17, 2015 Order. On March 17, 2015, the Court ordered the United States to file an opposition by May 1, 2015, and noted that "[a]mong other things, the Court believes resolution of the disputes may be aided by a factual submission (e.g., a declaration) from defense counsel." Doc. 551. The government has spoken with defendant's prior counsel, Katherine Hart, concerning defendant Cole's § 2255 motion. Ms. Hart has indicated that she disagrees with defendant's allegations against her, but requires that the government obtain a court order finding a privilege waiver before discussing with the government her privileged communications and work product relevant to the response to defendant Cole's § 2255 motion, and before providing such communications and

work product to the government.  Accordingly, the government is filing the present motion.  The government also requests a 30-day extension of time, to June 1, 2015, to file its response to Cole's § 2255 motion, as the government will need additional time to review the materials from defense counsel once they are provided.

///

///

**I.  PROCEDURAL HISTORY**

On January 13, 2011, Cole was indicted on felony counts of conspiracy to commit mail fraud, wire fraud and bank fraud; mail fraud; wire fraud; bank fraud; and conspiracy to launder money. Doc. 1.  Cole pleaded guilty on November 7, 2013 to count one of the indictment, conspiracy to commit mail fraud, wire fraud and bank fraud, in violation of 18 U.S.C. § 1349.  Docs. 241, 232.  On February 24, 2014, the Court sentenced Cole to 211 months in prison. Docs. 360, 377.  This sentence was at the mid-point of the applicable sentencing guideline range.

**II.  MOTION FOR AN ORDER FINDING A PARTIAL WAIVER OF THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES**

**A.  <u>Cole's Claims of Ineffective Counsel</u>**

Cole's § 2255 motion is based largely on his claims that Ms. Hart allegedly provided ineffective assistance of counsel, and his allegations cover the entire course of his counsel's representation of him in this case and directly concern all attorney-client communications and his counsel's work product concerning the representation.  Cole's allegations include the following claims:

(1) His guilty plea on November 7, 2013 was purportedly illegal and void because it was not knowing, intelligent, or

1 voluntary.  Among other arguments in support of this
2 allegation, he claims that his attorney coerced him into
3 signing the plea agreement and entering the guilty plea
4 while he was under the influence of medication and alcohol,
5 and that his attorney never reviewed the plea agreement
6 with him and never gave him a copy of the agreement.  See
7 Doc. 547, at 1-6.

(2) His sentencing on February 24, 2014 was purportedly illegal.  Among other arguments in support of this allegation, he claims that his attorney never reviewed the presentence report with him, never provided him with a copy of the presentence report, never informed him of the existence of the presentence report, and instructed him to falsely respond to the Court's questions concerning his review and understanding of the presentence report.  See Doc. 547, at 6-7.

(3) His counsel rendered ineffective assistance of counsel, resulting in severe prejudice to him, by purportedly:
(i) having actual knowledge of Cole's purported medical care, psychotherapy care, and daily consumption of alcohol and medications throughout the entire period of representation, but not addressing such issues,
(ii) failing to review the plea agreement with Cole, and misleading the Court during Cole's plea colloquy,
(iii) failing to conduct any investigation of anyone or anything at all in the case, (iv) never performing any research into any legal issue, transaction, or person in the case, (v) never interviewing anyone in the case,

>                (vi) admitting to Cole that counsel did not have any
>                knowledge of the specifics of the case, could not find
>                anything in the case documents, never read any documents in
>                the case and had no knowledge of the case file, (vii) met
>                with Cole on approximately eight separate occasions,
>                (viii) failed to file motions after falsely assuring Cole
>                that counsel would do so, (ix) coerced and deceived Cole
>                into signing the plea agreement with knowledge that Cole
>                was under the influence of alcohol and medication,
>                (x) refused to file a direct appeal at Cole's request, and
>                (xi) otherwise "completely abdicated" counsel's obligations
>                in the representation in this case. See Doc. 547, at 8-10.

There is good cause for discovery of attorney-client communications and work product concerning counsel's representation of Cole in this case. Cole's allegations encompass the entire course of his counsel's representation of him, and directly concern both attorney-client communications and his counsel's work product. To determine whether former counsel provided effective assistance to a defendant, the Court considers whether the assistance was objectively reasonable under the circumstances. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. Counsel's strategic decisions made after thorough investigation of the law and facts are virtually unchallengeable. *Id.* at 690.

The government believes that if a waiver of the attorney-client and work product privilege is found, and discovery including a declaration and corroborating documentation from defense counsel is provided to the government, such evidence would rebut defendant's

allegations.  The government requires access to such attorney-client communications and work product, including a declaration from defense counsel, to respond fully to the Court's March 17, 2015 Order and to defend against Cole's ineffective assistance of counsel claims.  Accordingly, there is good cause for such discovery in this case.

### B. Cole's Waiver of the Attorney-Client and Work Product Privileges

By his allegations, which encompass the entire course of his counsel's representation of him in this case, Cole has waived the privilege as to attorney-client communications and his counsel's work product for purposes of the present habeas proceeding.  The privilege is implicitly waived "by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Bittaker v. Woodford*, 331 F.3d 715, 719 & 722 n.6 (9th Cir. 2003) (en banc) (habeas petitioner waives attorney-client and work product privileges by asserting ineffective assistance of counsel).  The defendant can preserve the confidentiality of such privileged communications only by abandoning the claims that give rise to the waiver condition.  *Id.* at 721.  "[T]he federal courts have determined that claims of ineffective assistance of counsel cannot be fairly litigated unless the petitioner waives his privilege for purposes of resolving the dispute."  *Id.* 722.

The privilege waiver in these circumstances is partial, in that the information obtained through the waiver is to be used for purposes of adjudicating the petitioner's habeas petition, but not in a retrial or in an unrelated case.  *Id.* at 720-25; *Lambright v. Ryan*,

698 F.3d 808, 818 (9th Cir. 2012). Accordingly, the government seeks a partial privilege waiver that would permit information obtained through the waiver to be used in response to Cole's § 2255 motion, but not in any retrial or different case.

The United States cannot adequately litigate the defendant's claims unless former defense counsel divulges her oral and written communications with the defendant, and her work product, and provides evidence concerning her performance in this case.

**III. CONCLUSION**

The defendant's claims of ineffective assistance by his former counsel place his past oral and written communications with former counsel, and his counsel's work product in this case, directly at issue as set forth above. The defendant has put the nature of his attorney-client relationship with prior counsel at issue by challenging her performance. *Bittaker*, 331 F.3d at 716. The defendant has therefore waived the attorney-client and work product privileges for purposes of litigating his § 2255 motion. *Id.* at 716, 722 n.6.

This information is required to enable the United States to effectively litigate Cole's § 2255 motion. The United States respectfully requests that the Court find, for purposes of this § 2255 proceeding, that defendant has waived the attorney-client privilege as to all communications with his former defense counsel Katherine Hart and any privilege with respect to his counsel's work product in this case. The government further requests that the Court order that all such materials concerning events and facts relating to Cole's claims of ineffective assistance of counsel be disclosed to the government for purposes of responding to the § 2255 motion, and

that defense counsel (and her staff and agents if they have personal knowledge of such matters) be directed to provide to the government a declaration responding to Cole's § 2255 motion.

The government also requests a 30-day extension of time, to June 1, 2015, to file its response to Cole's § 2255 motion, as the

///

///

Motion re Privilege Waiver; Order        8

government will need additional time to review the materials from defense counsel once they are provided.

Dated: April 10, 2015

                                      Respectfully submitted,

                                      BENJAMIN B. WAGNER
                                      United States Attorney

                                      /s/ Kirk E. Sherriff
                                      KIRK E. SHERRIFF
                                      HENRY Z. CARBAJAL III
                                      CHRISTOPHER D. BAKER
                                      Assistant U.S. Attorneys

**ORDER**

Good cause appearing, **IN THE ALTERNATIVE** the United States' motion for partial waiver of petitioner Carlyle Cole's attorney-client privilege and the work product privilege, and for the compelled discovery of responsive attorney-client communications and work product is GRANTED as follows:

(1) The attorney-client privilege of defendant/petitioner Carlyle Cole is waived with respect to all communications between defendant Carlyle Cole and his former attorney, Katherine Hart, and her staff and agents, concerning events and facts related to defendant's claims of ineffective assistance of counsel in defendant's § 2255 motion in *United States v. Carlyle Cole*, No. 1:11-cr-0026 LJO (E.D. Cal.).

(2) The work product privilege is waived with respect to the work product of Katherine Hart, and her staff and agents, concerning events and facts related to defendant's claims of ineffective assistance of counsel in his § 2255 motion.

(3) Attorney Katherine Hart, and her staff and agents, shall disclose to the government all communications between themselves and defendant Carlyle Cole concerning events and facts related to defendant's claims of ineffective assistance of counsel in his § 2255 motion.

(4) Attorney Katherine Hart, and her staff and agents if they have personal knowledge of such matters, shall provide the government with a declaration addressing the communications with defendant and work product concerning events and facts related to the ineffective assistance of counsel claims presented in defendant's § 2255 motion, and shall communicate and coordinate with government counsel to ensure that all issues are adequately addressed in the declaration.

**ALTERNATIVELY, the Court Orders that if the finding of waiver changes the Defendant's decision on whether or not to proceed with the petition, he must notify this Court within 10 court days of the date of this order by withdrawing the Petition. Failure to do that confirms the alternative portion of this Order finding waiver.**

The government's motion for an extension of time, to June 1, 2015, to file its response to defendant Cole's § 2255 motion is GRANTED.

IT IS SO ORDERED.

Dated: __April 10, 2015__       ___/s/ Lawrence J. O'Neill___
                                UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion to be competent to serve papers; that on April 10, 2015, she served a copy of the following documents:

1. **GOVERNMENT'S MOTION FOR AN ORDER FINDING A PARTIAL WAIVER OF THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES, AND FOR AN EXTENSION OF TIME; [PROPOSED] ORDER**

by placing said copies in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and its contents in the United States Mail at Fresno, California.

Addressee:

U.S. Mail
Carlyle Lee Cole
60146-112
FEDERAL CORRECTIONAL CENTER, LOMPOC
3600 Guard Road
Lompoc, CA 93436

Date: April 10, 2015

                                /s/ Donna McCloskey
                                Donna McCloskey
                                United States Attorney's Office

Motion re Privilege Waiver; Order        11