# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLYLE LEE COYLE., <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 1:11-cr-00026-LJO <br> 1:15-cv-00295-LJO <br><br> MEMORANDUM DECISION AND ORDER RE: PETITIONER'S APPLICATION FOR ISSUANCE OF AN ORDER RECALLING, VACATING AND/OR CANCELLING THE COURT'S APRIL 10, 2015 ORDER (Doc. 568) |

On January 13, 2011, Petitioner was indicted on various counts of wire, bank, and mail fraud, as well as conspiracy to launder money. Doc. 1. On November 7, 2013, he pleaded guilty to conspiracy to commit mail fraud, wire fraud, and bank fraud, in violation of 18 U.S.C. § 1349. Docs. 241 & 232. On February 24, 2014, this Court sentenced Petitioner to 211 months in prison. Docs. 360 & 377.

On February 23, 2015 Petitioner moved to set aside his "sentence, judgment, conviction, plea, [and] plea agreement" pursuant to 28 U.S.C § 2255 ("2255 Motion"). Doc. 547. Petitioner's motion is largely based on claims of ineffective assistance of counsel. *Id.* The Court ordered the United States to file a response to the petition. Doc. 551.

On April 13, 2015, the government moved the Court for a declaration that Cole waived his attorney-client privileges with respect to communications between him and his defense attorney, Katherine Hart ("Hart"), concerning information related to his ineffective assistance of counsel claim. Doc. 562 ("Waiver Motion") at 7.[1] Finding that the government had shown good cause for these

---

[1] Petitioner suggests that the United States improperly filed its Waiver Motion in the criminal case, rather than the associated

1

discovery requests, the Court granted its motion the same day. Doc. 563. On April 27, 2015, Petitioner filed a motion asking the Court to vacate the April 13 Order and issue a new order granting Petitioner certain discovery requests. Doc. 568.

Petitioner argues that the April 13 Order should be vacated because it was issued without giving Petitioner a chance to respond to it. *Id*. at 2. Petitioner, however, does not assert that he was harmed by the April 13 Order, or that he would have opposed the government's motion. Rather, Petitioner acknowledges that he "is not concerned in the least about the partial waiver of the Attorney-Client and Attorney Work Product privilege which would result in the evidentiary proof of Petitioner's § 2255 Motion Claims against Hart being revealed at long last." *Id*. at 8. Moreover, "[i]t has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003). Petitioner has affirmatively disclaimed any intent to abandon these claims. Thus, to the extent that the Court may have acted prematurely, such action amounts to no more than harmless error. Thus, the Court DENIES the request to vacate the April 13 Order.

The Court interprets Petitioner's remaining requests as ones brought pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings ("2255 Rules"). Unlike the usual civil litigant, a habeas petitioner is not entitled to broad discovery as a matter of course. *Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir.1993) ("[T]here is simply no federal right, constitutional or otherwise, to discovery in habeas proceedings...."). However, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practice and principles of law." 2255 Rule 6(a). Good cause exists when there is "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief."

---

civil case. Petitioner misunderstands the filing requirements. A civil case is opened upon the filling of any habeas petition solely for administrative purposes. In connection with a 2255 Motion, no filings are docketed under the civil case docket; rather, they are filed under the pre-existing criminal case docket.

*Bracy v. Gramley*, 520 U.S. 899, 908-909 (1997). Rule 6 requires that the party seeking leave of court provide reasons for the request together with any proposed interrogatories, requests for admissions, or document requests. 2255 Rule 6(b). Doing so enables the Court to evaluate whether the discovery would lend support to adequately articulated claims involving specific factual allegations. Discovery is not to be used for "fishing expeditions to investigate mere speculation" or for a prisoner to "explore [his] case in search of its existence." *Calderon v. U.S. District Court (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996) (citations omitted). *See also United States v. Finkel*, 165 Fed. Appx. 531 (9th Cir. 2006).

Some courts in this district have refused to grant a habeas petitioner's discovery request if made before any response to the petition is due. *See, e.g.*, *Baker v. Yates*, No. CIV S093360 WBS KJM P, 2010 WL 1688868, at *1 (E.D. Cal. Apr. 26, 2010) ("[T]he court's ordinary practice in habeas cases is to consider a motion for discovery only after the court orders and receives an answer from the proper respondent."); *West v. Dickinson*, No. CIV S-09-3147 DAD P, 2010 WL 3211714, at *1 (E.D. Cal. Aug. 12, 2010) (denying without prejudice request for discovery made prior to filing of response). This makes sense for numerous reasons, including the possibility that the government's response may reveal that certain claims are procedurally defective, rendering discovery unwarranted, or, alternatively, concede the merit of a claim, rendering discovery unnecessary.

Petitioner's requests are premature for other reasons as well. Petitioner's main grievance appears to be that he may not be granted access to the documents the government obtains from Hart. Doc. 568 at 8 ("Petitioner is very concerned that that if [records sought by Government] were released only to the Government, there is every such incentive for the Government NOT TO provide them to Petitioner . . ."). *Id.* His request for an order providing him with access to these documents is premature because there is no specific information suggesting he will not be provided with such documents as a matter of course by opposing counsel. Therefore, this discovery request is DENIED WITHOUT PREJUDICE.

The same result is warranted in connection Petitioner's remaining requests. As to his requests for various items from Hart's office files, Petitioner may be entitled to some of these items by virtue of his

3

previous attorney-client relationship. To warrant Court intervention (i.e., an order compelling production of these materials), Petitioner must file a declaration indicating, with specificity, what items/information he has requested from Hart, what he has (or has not) been provided, and, specifically, why any items/information that have not been provided would lend support to his claims. As to his requests for information from the United States Attorney's Office, the Federal Bureau of Investigation, and this Court, it is possible that some of the requested information will be duplicative of (or rendered unimportant by) information Petitioner may be entitled to receive from other sources (e.g., from his former lawyer and psychotherapist), without involving the Court. Therefore, these requests are DENIED WITHOUT PREJUDICE.

## **CONCLUSION AND ORDER**

For the reasons discussed above:

(1) The Court DENIES the request to vacate the April 13 Order; and

(2) DENIES WITHOUT PREJUDICE Petitioner's discovery requests.

IT IS SO ORDERED.

Dated: **May 11, 2015**  /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE