# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| CARLYLE LEE COYLE., | 1:11-cr-00026-LJO |
|---|---|
| Petitioner, | ORDER RE: PETITIONER'S REQUEST FOR DISCOVERY FROM THE COURT |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

On February 23, 2015 Petitioner moved to set aside his "sentence, judgment, conviction, plea, [and] plea agreement" pursuant to 28 U.S.C § 2255 ("2255 Motion"). Doc. 547. Petitioner's motion is largely based on claims of ineffective assistance of counsel. *Id.* The Court ordered the United States to file a response to the petition. Doc. 551.

On April 27, 2015, Petitioner filed a motion asking, among other things, for discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings ("2255 Rules"). Doc. 568. As the Court explained in a May 11, 2015 Order:

> Unlike the usual civil litigant, a habeas petitioner is not entitled to broad discovery as a matter of course. *Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir.1993) ("[T]here is simply no federal right, constitutional or otherwise, to discovery in habeas proceedings...."). However, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practice and principles of law." 2255 Rule 6(a). Good cause exists when there is "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-909 (1997). Rule 6 requires that the party seeking leave of court provide reasons for the request together with any proposed interrogatories, requests for admissions, or document requests. 2255 Rule 6(b). Doing so enables the Court to evaluate whether the

1

discovery would lend support to adequately articulated claims involving specific factual allegations. Discovery is not to be used for "fishing expeditions to investigate mere speculation" or for a prisoner to "explore [his] case in search of its existence." *Calderon v. U.S. District Court (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996) (citations omitted). *See also United States v. Finkel*, 165 Fed. Appx. 531 (9th Cir. 2006).

Some courts in this district have refused to grant a habeas petitioner's discovery request if made before any response to the petition is due. *See, e.g.*, *Baker v. Yates*, No. CIV S093360 WBS KJM P, 2010 WL 1688868, at *1 (E.D. Cal. Apr. 26, 2010) ("[T]he court's ordinary practice in habeas cases is to consider a motion for discovery only after the court orders and receives an answer from the proper respondent."); *West v. Dickinson*, No. CIV S-09-3147 DAD P, 2010 WL 3211714, at *1 (E.D. Cal. Aug. 12, 2010) (denying without prejudice request for discovery made prior to filing of response). This makes sense for numerous reasons, including the possibility that the government's response may reveal that certain claims are procedurally defective, rendering discovery unwarranted, or, alternatively, concede the merit of a claim, rendering discovery unnecessary.

Petitioner's requests are premature for other reasons as well. Petitioner's main grievance appears to be that he may not be granted access to the documents the government obtains from Hart. Doc. 568 at 8 ("Petitioner is very concerned that that if [records sought by Government] were released only to the Government, there is every such incentive for the Government NOT TO provide them to Petitioner . . ."). *Id.* His request for an order providing him with access to these documents is premature because there is no specific information suggesting he will not be provided with such documents as a matter of course by opposing counsel. Therefore, this discovery request is DENIED WITHOUT PREJUDICE.

The same result is warranted in connection Petitioner's remaining requests. As to his requests for various items from Hart's office files, Petitioner may be entitled to some of these items by virtue of his previous attorney-client relationship. To warrant Court intervention (i.e., an order compelling production of these materials), Petitioner must file a declaration indicating, with specificity, what items/information he has requested from Hart, what he has (or has not) been provided, and, specifically, why any items/information that have not been provided would lend support to his claims. As to his requests for information from the United States Attorney's Office, the Federal Bureau of Investigation, and this Court, it is possible that some of the requested information will be duplicative of (or rendered unimportant by) information Petitioner may be entitled to receive from other sources (e.g., from his former lawyer and psychotherapist), without involving the Court. Therefore, these requests are DENIED WITHOUT PREJUDICE.

Doc. 571 at 2-4.

Petitioner has now filed Notices with the Court, which are actually document requests directed at Ms. Hart and the United States. Doc. 579 & 580. These Notices are not associated with any formal motion for discovery and do not call for Court action, so no action will be taken.

Petitioner has also filed a "Notice" directed at the Court, requesting copies of "all letters received by the District Court and Judge Lawrence J. O'Neill bearing the Letterhead of and signed by Bonnie Quinton (Defendant's pre-trial services ordered psychotherapist) referencing Bonnie Quinton's Client, needed as evidence to prove petitioner's 28 U.S.C. § 2255 Motion Claims." Doc. 578. The Court is not in possession of a copy of any such letter. But, Ms. Hart did read from the letter during Petitioner's sentencing hearing, at pages 15 through 16, which is part of the public docket in this case. *See* Doc. 464.

IT IS SO ORDERED.

Dated: **June 8, 2015**          /s/ Lawrence J. O'Neill
                                 UNITED STATES DISTRICT JUDGE