UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CARLYLE LEE COLE, et al.,<br><br>    Defendant. | Case No.: 1:11-cr-00026-JLT-2<br><br>ORDER DENYING DEFENDANT'S MOTION UNDER FED. R. CIV. P. RULES 60, 59, 35, 32 FOR CORRECTION OF SENTENCE, CONSTRUED AS A RENEWED MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE UNDER 28 U.S.C. § 2255<br><br>(Doc. 697) |

Pending before the Court is Carlyle Lee Cole's motion for correction of sentence pursuant to various Federal Rules of Civil and/or Criminal Procedure. (Doc. 697.) For the reasons set forth below, this motion is **DENIED**.

**I.      Relevant Background**

On November 7, 2013, Carlyle Lee Cole pled guilty to conspiracy to commit mail fraud, wire fraud, and bank fraud in violation of 18 U.S.C. § 1349 based on his leadership role in an extensive mortgage fraud scheme. (*See* Docs. 232, 241, 269, 322 at 5-8.) Cole was sentenced to a 211-month term of imprisonment, a "mid-range" term based on the advisory sentencing guidelines range of 188 and 235 months. (Doc. 367 at 2; Doc. 322 at 18.)

On February 23, 2015, Cole moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, challenging the legality of his plea and sentence based on claims of ineffective

1

assistance of counsel, denial of due process, incompetency, and erroneous loss and restitution amounts. (*See generally* Doc. 547.) On August 20, 2015, the Court denied Cole's motion and declined to issue a certificate of appealability. (Doc. 591.) Cole appealed from the order denying his § 2255 motion. (Doc. 594), but on June 1, 2016, the Ninth Circuit denied his request for a certificate of appealability. (Doc. 626.)

On February 13, 2023, Cole filed a document entitled "Motion Under Fed. R. Civ. P. Rules 60, 59, 35, 32 for Correction of Sentence." (Doc. 697.) In it, among other things, Cole again challenges his plea and sentence, arguing that "[t]he entire plea process was characterized by plain error in the abandonment of due process, miscalculation of loss amounts leading to an unlawful sentence, and the denial of Constitutional Rights." (*Id*. at 12.) Cole focuses on the violation of his Constitutional rights, including receiving ineffective assistance of counsel and sentence terms that were "were illegal and constitutionally invalid because they were based on inflated loss amounts." (*Id.* at 2-3, 10-11.)

## II.      Discussion and Analysis

### A.      Federal Rule of Criminal Procedure 35

Generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). "A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in [the] limited circumstances" articulated in 18 U.S.C. § 3582(c), only one of which Cole invokes here.[1] *See Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing § 3582(b)).

18 U.S.C. § 3582(c)(1)(B) provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules

---

[1] Although Cole alludes to "compassionate release" at least once (*see* Doc. 697 at 9), he does not claim "extraordinary and compelling reasons" warrant relief, that he has served over thirty years of his sentence, that a federal stature expressly permits modification, or that his sentencing range has been reduced. *See* 18 U.S.C. § 3582(c). And even to the extent Cole's motion could be interpreted as one for compassionate release under 18 U.S.C. § 3582(c)(1), such a motion may only be brought "*after the defendant has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier ...." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Cole's motion makes no mention of exhaustion or pursuing administrative remedies. The Court notes, however, that on July 16, 2024, Cole filed a motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) on other grounds, which the Court will address separately once that motion is fully briefed. (*See* Doc. 720.)

of Criminal Procedure." Cole asserts that Rule 35(a) is a "mechanism for correcting a given sentence" that the Court may utilize to "sua sponte correct an illegal sentence at any time." (Doc. 697 at 2.) Not so. Under Rule 35(a), *the court* may correct a sentence within 14 days of sentencing for an arithmetical, technical, or other clear error. Pursuant to Rule 35(b), "*[u]pon the government's motion made within one year of sentencing*, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b) (emphasis added). In addition to the timing issues, neither of these exceptions are applicable, and Cole does not assert otherwise. In sum, Rule 35 only provides relief upon motion of the Court to correct its own mistake, or upon motion of the Government. *Id.* Cole cannot move for relief pursuant to Rule 35.

### B.  Federal Rule of Civil Procedure 60(b)[2]

When a convicted federal criminal defendant who has already litigated a § 2255 motion files a subsequent motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60, the district court must construe the Rule 60 motion as a second or successive § 2255 motion if the Rule 60 motion "does not challenge the integrity of the federal [§ 2255] habeas proceeding, but rather challenges his original conviction and sentence." *Harvey v. United States*, No. 05-CR-00373-LHK-1, 2018 WL 4181949, at *4 (N.D. Cal. Aug. 30, 2018) (internal citation and quotation omitted); *see Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (stating that a Rule 60 motion need not be construed as a § 2255 motion if it attacks "some defect in the integrity of the federal habeas proceedings"). In contrast, a district court need not construe the motion as a second or successive § 2255 motion if the motion "relates solely to fraud perpetrated on the federal habeas court" during the adjudication of the defendant's prior § 2255 motion. *United States v. Montalvo*, 2013 WL 5705711, at *2 (E.D. Cal. Oct. 16, 2013) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006)). Here, the arguments raised in the motion pertain solely to the underlying conviction and sentence, not to any defect in the prior § 2255 proceedings. Therefore, the motion must be construed as a successive § 2255 petition.

---

[2] Caption aside, Cole makes only one reference to Rule 59(b) of the Federal Rules of Civil Procedure. (*See* Doc. 697 at 1.) A motion made under Rule 59 must be made within 28 days of the entry of judgment. Fed. R. Civ. P. 59(b). The motion was filed on February 13, 2023. (Doc. 697.) Entry of judgment occurred on March 3, 2014. (Doc. 367.) Cole makes no attempt to demonstrate how, almost nine years later, this motion is properly brought pursuant to Rule 59. Thus, insofar as this motion is brought under Rule 59, it is **DENIED** as untimely.

1  The Antiterrorism and Effective Death Penalty Act ("AEDPA") "imposes significant limitations on the power of federal courts to award relief to prisoners who file 'second or successive' habeas petitions." *United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009). "A petitioner is generally limited to one motion under § 2255, and [he] may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). 28 U.S.C. § 2255(h) provides that a second or successive petition must be certified as provided in section 2244 by a panel of the appropriate court of appeals. 28 U.S.C. § 2255(h).[1] Section 2244(b)(3)(A), in turn, provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. 2244(b)(3)(A). "If the petitioner does not first obtain [Ninth Circuit] authorization, the district court lacks jurisdiction to consider the second or successive application." *Lopez*, 577 F.3d at 1061.

Cole has not demonstrated that he received authorization from the Ninth Circuit to file a second or successive § 2255 petition. Indeed, he has not even alleged that he requested such authorization. He has also not demonstrated that his recent motion is based on "newly discovered evidence" or "a new rule of constitutional law." 28 U.S.C. § 2255(h).[3] As a result, this Court lacks jurisdiction to consider the motion, which must be dismissed. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (*per curiam*) (directing the district court to dismiss an unauthorized habeas petition for lack of jurisdiction); *Washington*, 653 F.3d at 1065 (holding that the district court lacked jurisdiction to entertain the petitioner's successive § 2255 motion because the Ninth Circuit had not issued a certificate authorizing such a motion).

### III.    Conclusion

Based upon the foregoing, the Court **DISMISSES** Cole's Rule 60 motion (Doc. 697), construed as a successive § 2255 motion, **without prejudice to refiling** if Cole obtains the necessary

---

[3] Although Cole mentions that the motion is based on "new evidence," § 2255(h) provides that the Ninth Circuit must certify the second or successive motion to contain "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense …." 28 U.S.C. § 2255(h)(1). Cole makes no attempt to make such a demonstration. Instead, Cole refers to "newly discovered evidence" as defined in Rule 60(b), and as the Court explained, it does not construe the motion under this Rule.

order from the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **August 22, 2024**

_____
UNITED STATES DISTRICT JUDGE